Wickham, J. (orally).
A number of cases were submitted to the court on motions to quash the indictments. .
In all of these cases the motion to quash is on the ground that the foreman who endorsed the indictments did. not sign his full name. The motion should be overruled, first, for the.reason that a motion to quash does not lie to an objection of that kind. Section 7249 reads as follows:
“A motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment, or in the manner in which an offense is charged.”
It would not appear from the indictment that the foreman’s name was Ned C. Sherburne. He sighed the indictment as N. O. Sherburne, and for'aught that appears from the indictment that is his true name, and it would be necessary to show by extrinsic evidence the fact whether that was or was not his true name; and in .this ease, in order to sustain the motion to quash, counsel for the defendant were obliged to call Mr. Sherburne as *255 a witness to testify upon that question. Therefore, it is a matter that would be extrinsic to the indictment, and a motion to quash would not lie. The method of taking advantage of any such alleged defect would be by plea in abatement. That appears from Section 7250:
“A plea in abatement may be made when there is a defect in the record, which is shown by facts extrinsic thereto.”
In the case of Whiting v. State, 48 Ohio State, page 231, the Supreme Court say:
“As to the ruling on the motion to quash. The motion contained two grounds: 1. The matter set up in the plea in abatement. 2. That the indictment was not indorsed a true bill by the foreman, as foreman. The fact being that it was indorsed by the foreman, John W. Smith, without the addition of his description, ‘foreman,’ having been added by the clerk after the presentment of the indictment. The first ground was properly presented and disposed of on the plea in abatement—the matter presented not being apparent on the record is not available on a. motion to quash. Sections 7249 and 7250, Revised Statutes.”
Therefore we say that, for that reason, the motion in each of these cases should be overruled.
In case No. 2654, State of Ohio v. Trickle, the additional ground is made that the indictment is bad for duplicity.
The decision of the Circuit Court of Hamilton County, upon the question of the signature of the foreman, is an authority in point, and will settle the question. In that case, in Vol. 2 O. C. C.—N. S., page 174, the very same objection is made. The foreman’s name was John P. Clark, and he endorsed it “ J. P. Clark. ” The court says:
“It is further claimed that the indictment is not signed by the foreman of the grand jury, John P. Clark, but by J. P. Clark, and therefore is not a true bill. This variance is not fatal, for the court appointing the foreman is presumed to know his identity.”
Counsel for the defendant in these cases cite the court to a case in a United States report—a case in some foreign state— upon the question of what is the true name of a person. But those authorities would not be regarded as authorities, if they *256 conflict with the decisions of courts of our own state, especially in criminal cases. The criminal procedure of the state is regulated by statute, and many questions which arise under the statute of the state must be disposed of and settled from the decisions of our own state under those statutes. However, we think there can be no question but what the objection, if it were a valid objection, should be taken advantage of by a plea in abatement.
Upon the other question, that the indictment is bad for duplicity :
The charge is that, on a certain day, “and on divers other days and times between that day and'the day of finding the indictment, at the county of Licking, and state of Ohio, did keep a room there situate, to be used for gambling as aforesaid, and then and there unlawfully did cause and procure divers idle and ill-disposed persons, on the said day of — in the year of our Lord, one thousand nine hundred and nine, and on divers other days and times between that day and the day of the finding of the bill.”
The charge is that, between certain dates, from the first to the last day named in the indictment, the defendant kept a room for the purpose of gambling.
We are cited to the case of Barnhouse v. State, as an authority in support of the motion. In that case the defendant was charged with incest, and the charge was made that, at divers times, between two dates, the defendant was guilty of incest, and the court held the indictment bad for duplicity. It is very apparent that there is a vast difference between a charge of that kind and the charge here. A single act of incest is a crime. The offense here is entirely different because it charges the defendant with keeping a place, during a certain [period of time, as a gambling room. The indictment which sought to charge the defendant with incest did not specify the date but stated that he was guilty at divers times between two dates. It is not an authority in point and does not apply to this question. .
We think the motion should be overruled on both branches. Exceptions may be noted.